UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 3:17-19-1 |
| | § | |
| LAVELAS LUCKEY | § | |

## MEMORANDUM OPINION AND ORDER

Defendant Lavelas Luckey filed a motion for compassionate release (Dkt. 47; Dkt. 49) and seeks release from the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1)(A) based on his medical condition and the COVID-19 pandemic. The Government has responded (Dkt. 53) and opposes release. Luckey did not file a reply. Having fully considered the applicable law, the motion and briefing, and all matters of record, the Court **DENIES** Defendant's motion for compassionate release for the reasons explained below.

### I.   BACKGROUND

On October 18, 2017, Luckey pleaded guilty to receipt of child pornography (18 U.S.C. § 2252A(a)(2)(B) and §2252A(b)(1)) and possession of child pornography (18 U.S.C. 2252A(a)(5)(B) and § 2252A(b)(2)). At the time of his plea, Luckey admitted to using specific search terms to find child pornography and then downloading and viewing pornographic images of young children. On February 21, 2018, the Court sentenced Luckey to 73 months in BOP for each count, with sentences to run concurrently, plus a 15-year term of supervised release. The sentence was below the guideline range of 151-

188 months. *See* Dkt. 23 (Plea Agreement); Dkt. 30 (Presentence Investigation Report); Dkt. 38 (Judgment); Dkt. 39 (Statement of Reasons). Luckey was taken into custody on April 12, 2018 (Dkt. 41).

Luckey seeks compassionate release based on his medical condition, including hypertension, high cholesterol, heart disease, post-traumatic stress disorder, anxiety, depression, and insomnia (Dkt. 49, at 5). He argues that he is at high risk of illness from the COVID-19 virus because of these conditions, especially hypertension and heart disease, and that infection rates are high in the BOP. He also submits a release plan that includes a place to live with family; access to health insurance, housing resources, and employment assistance through the Veterans Administration; access to transportation; and community support (*id.* at 7-12).

Luckey's current projected release date is June 6, 2022. *See* Find an Inmate, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Nov. 5, 2021). Since filing his motion, he has been transferred to a facility in San Antonio (*id.*).

## II. COMPASSIONATE RELEASE UNDER U.S.C. § 3582(c)

In general, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Luckey moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant such a reduction either upon motion by the Director of the BOP or upon motion of the defendant after exhaustion of administrative remedies. In particular, the statute permits the sentencing court to grant a reduction in sentence, following consideration of factors set

forth in 18 U.S.C. § 3553(a), where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). The court must provide a "thorough factual record" and "specific factual reasons" for its decision, including but not limited to consideration of the § 3553(a) factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

### A. Exhaustion

A defendant seeking compassionate release under § 3582(c)(1)(A) must first exhaust his or her administrative remedies with the BOP. *See United States v. Franco*, 973 F.3d 465, 467-68 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020) (exhaustion requirement under § 3582(c)(1)(A) is mandatory but not jurisdictional).

In this case, the Government argues that Luckey failed to seek compassionate release through the BOP. The Government presents no affidavit or other supporting evidence, but states in its briefing that its counsel obtained records from counsel for the BOP, that the BOP's search yielded no request from Luckey for compassionate release, and that the form submitted to the Court by Luckey does not contain a staff member's signature, notes, or date of disposition (Dkt. 53, at 4).

However, Luckey submitted evidence of his request to BOP, in which he requested that he be considered for relief under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act") or for compassionate release,

"whichever seems to fit," based on his medical history including hypertension and heart disease (Dkt. 49-1, at 3). Contrary to the Government's statement, the bottom of the form is signed by a staff member and dated August 13, 2020. The disposition states, "you are currently serving a sentence for a sex offense, you don't qualify for home confinement under the Cares Act," but did not mention Luckey's alternate request for compassionate release (*id*.).

The Government does not rebut this submission or explain why it is inadequate for exhaustion purposes. The Court declines to deny Luckey's motion on exhaustion grounds and proceeds to consider whether extraordinary and compelling reasons warrant a reduction in sentence. *See Franco*, 973 F.3d at 467-68; *United States v. Bell*, 823 F. App'x 283, 283-84 (5th Cir. 2020).

### B.     Extraordinary and compelling reasons

A reduction in sentence may be based in part on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission's policy statement lists four factors that support a finding of "extraordinary and compelling reasons" under the statute: (A) certain medical conditions of defendant; (B) the defendant's advanced age, in combination with additional factors; (C) death or incapacitation of the caregiver for the defendant's minor children or incapacitation of the defendant's spouse; and (D) other reasons. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1. Although district courts are not bound by the policy statement or its commentary, these factors inform the courts' analysis of motions under § 3582(c). *Shkambi*, 993 F.3d at 393; *Thompson*, 984 F.3d at 433.

Luckey's request for reduction of sentence relies on the fourth factor, or "other reasons" (Dkt. 49, at 4). In particular, he claims that his medical history, in combination with the COVID-19 pandemic, warrants relief:

> My medical history includes hypertension, high cholesterol, and heart disease. I also suffer from PTSD, anxiety, depression[,] and insomnia which medical evidence demonstrates weakens the immune system and increases susceptibility to illness. (COVID-19). Hypertension and heart disease are listed by the CDC as high risk conditions, due to the pandemic.

(*id*. at 5). He also relies on the high rate of infection among inmates and staff in BOP facilities. *See id*.; Dkt. 47-4. However, Luckey does not allege that his medical conditions are untreated or uncontrolled, that he has a terminal condition, or that his condition prevents his self-care or ability to function in prison. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1(A). To the extent he relies on the COVID-19 pandemic, the pandemic itself is insufficient to justify release. Although some courts have granted release during the pandemic to defendants who have severe high-risk conditions and have served the majority of their sentences, general fear of infection with the COVID-19 virus does not entitle a defendant to release, especially when the cited medical conditions are controlled. *See Thompson*, 984 F.3d at 434-35. Additionally, the Government has submitted updated medical records showing that Luckey received his second dose of a COVID-19 vaccination on March 9, 2021 (Dkt. 53-1, at 29), which reduces his risk of serious illness from the virus. *See, e.g.*, *United States v. Beltran*, No. 6:16-4(SSSS)-4, 2021 WL 398491, at *3 (S. D. Tex. Feb. 1, 2021).

Finally, Luckey's awards during military service and his release plan (Dkt. 47-1; Dkt. 47-4), while commendable, do not suffice as extraordinary and compelling reasons

warranting a reduced sentence under § 3582(c) or the Sentencing Commission's policy statement.

Luckey has not met his burden to demonstrate an extraordinary and compelling basis for a reduction in his sentence.

### C. Factors under 18 U.S.C. 3553(a) and 18 U.S.C. § 3142(g)

Even if Luckey could demonstrate extraordinary and compelling reasons, § 3582(c)(1)(A) requires him to demonstrate that the sentencing factors in 18 U.S.C. § 3553(a) support his release. The applicable factors include the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; and the need to provide the defendant with training or treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The Commission's non-binding policy statement in U.S.S.G. § 1B1.13, which requires consideration of whether the defendant is a danger to any other person or the community as provided in 18 U.S.C. § 3142(g), also informs the Court's analysis.[1]

Luckey's medical condition and release plan are insufficient to show that the factors under §3553(a) and §3142(g) support a reduction in his sentence. The Court notes that his 73-month sentence was well below the guideline range of 151-188 months.

---

[1] The factors under § 3142(g) overlap substantially with the factors listed above for § 3553(a). *See* 18 U.S.C. § 3142(g) (factors relevant to determination regarding whether the defendant is a danger to others or the community include the nature and circumstances of the offenses of conviction; the weight of the evidence; the defendant's history and characteristics; and the nature and seriousness of the danger posed by the defendant's release).

## III. CONCLUSION

For all of the reasons stated above, the Court finds that Luckey has not shown extraordinary and compelling reasons warranting the reduction of his term of imprisonment. Luckey's motions for compassionate release (Dkt. 47; Dkt. 49) therefore are **DENIED** under 18 U.S.C. § 3582(c)(1)(A).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, this 9th day of November, 2021.

                                        _____
                                        GEORGE C. HANKS, JR.
                                        UNITED STATES DISTRICT JUDGE